United States District Court
Southern District of Texas
**ENTERED**
July 25, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| CAPA CONSULTING, LLC, § | |
| § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 3:23-cv-00203 |
| § | |
| CONROE SENIOR LIVING, LLC, § | |
| *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER

Conroe Senior Living, LLC ("CSL") and Curtis Lindsey ("Lindsey") (collectively, "CSL Plaintiffs") bring counterclaims against CAPA Consulting, LLC ("CAPA Consulting"), and a third-party complaint against Third-Party Defendants Norma Upshur ("Upshur") and Jeffrey H. Farmer, Jr. ("Farmer"). *See* Dkt. 36. CAPA, Upshur, and Farmer (collectively, "CAPA Defendants") move to dismiss the counterclaims and third-party complaint. *See* Dkt. 37. Having reviewed the briefing and applicable law, I **DENY** the motion to dismiss.

CSL Plaintiffs bring the following causes of action against CAPA Defendants: fraudulent inducement; common law fraud; statutory fraud under TEX. BUS. & COM. CODE § 27.01; and conspiracy to commit fraud.[1] CAPA Defendants advance four arguments for dismissal of CSL Plaintiffs' fraud-based claims.

First, CAPA Defendants argue CSL Plaintiffs fail to meet the heightened pleading standard for fraud claims under Federal Rule of Civil Procedure 9(b). It is well-established that a party alleging fraud "must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). More specifically, Rule 9(b) requires that "a plaintiff pleading fraud must set forth the who, what, when, and where before access to the discovery process is granted." *Hart v. Bayer Corp.*, 199

---

[1] CSL also brings a breach of warranty counterclaim against only CAPA. CAPA does not move to dismiss this counterclaim; therefore, I do not address it.

F.3d 239, 247 n.6 (5th Cir. 2000) (cleaned up). CSL Plaintiffs point to four allegedly fraudulent misrepresentations that CAPA Defendants made in the year leading up to the December 28, 2022 contract at issue. The allegations about each misrepresentation include the content of the misrepresentation, its approximate date, its speaker, its form, and its approximate location. CSL Plaintiffs further specify why they believe the misrepresentations are fraudulent and how they relied upon the misrepresentations. *See* Dkt. 36 at 4–6. As such, the heightened pleading standard is satisfied.

Second, CAPA Defendants argue Lindsey's counterclaims fail under Rule 12(b)(6) because Lindsey has failed to sufficiently allege the reliance element of fraud. *See Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001) ("To prevail on [his] fraud claim[s], [Lindsey] must prove that [among other things, he] "actually and justifiably relied upon the representation[s]."). I disagree. Lindsey asserts that, but for the CAPA Defendants' fraudulent misrepresentations, he would not have personally guaranteed the promissory note. That is enough at this juncture to survive the Rule 12(b)(6) challenge.

Third, CAPA Defendants argue CSL disclaimed reliance in Section 15 of the contract. In a nutshell, Section 15 states that CSL, in executing the contract, relied on "Company Information," which is defined as "any and all information regarding the Company, its financial condition and performance, its assets and liabilities, its revenues, expenses and income and prospects for future success." Dkt. 37-1 at 3. Section 15 also states CSL did not rely on CAPA Defendants to provide CSL with any additional information. CAPA Defendants' argument that Section 15 constitutes a disclaimer defies logic because CAPA Defendants provided the Company Information to CSL. To emphasize: Section 15 specifies that CSL relied on the Company Information. That Company Information is the same as the allegedly fraudulent misrepresentations CAPA Defendants made to CSL. Application of Section 15 does not mandate dismissal of CSL's counterclaims.

Fourth and finally, CAPA Defendants argue CSL Plaintiffs' conspiracy claim fails as a matter of law. In a conspiracy case, "two or more persons" must be involved. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 222 (Tex. 2017). CAPA contends that, because both Upshur and Farmer acted within their scopes of employment with CAPA, only one party—CAPA—participated in any alleged conspiracy. CSL Plaintiffs allege Upshur is the sole member of CAPA. Farmer's status with CAPA is unclear, and whether he acted as CAPA's agent is an inquiry best left for later. *See Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 870 (5th Cir. 2000) ("The question of whether an agency relationship has been created is generally one of fact."). Accordingly, I would rather decide this issue on a full record.

For these reasons, CAPA Defendants' motion to dismiss (Dkt. 37) is **DENIED**.

SIGNED this 25th day of July 2024.

                                                                 _____
                                                                      ANDREW M. EDISON
                                                             UNITED STATES MAGISTRATE JUDGE