United States District Court
Southern District of Texas
**ENTERED**
July 14, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| CAPA CONSULTING, LLC, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:23-cv-00203 |
| | § | |
| CONROE SENIOR LIVING, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before me are (1) Plaintiff/Counter-Defendant CAPA Consulting, LLC and Third-Party Defendants Norma Upshur and Jeffrey Farmer's Motion for Partial Summary Judgment (Dkt. 70); (2) Lindsey Parties'[1] Traditional Motion for Partial Summary Judgment (Dkt. 71); and (3) Plaintiff/Counter-Defendant CAPA Consulting, LLC and Third-Party Defendants Norma Upshur and Jeffrey Farmer's Motion to Exclude Opinions, Testimony, and Expert Reports of Bruce Blacker and Memorandum in Support Thereof (Dkt. 79). I have reviewed the briefing, analyzed the applicable law, and entertained a lengthy oral argument on the summary judgment issues.

Let me start with the motions for partial summary judgment. Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Robinson v. Wheeler*, 338 F. App'x 437, 438 (5th Cir. 2009) (quotation omitted). I must view all "the evidence in the light most favorable to the [party opposing summary judgment] and draw all reasonable inferences in that party's favor." *Cadena v. El Paso County*, 946 F.3d 717, 723 (5th Cir. 2020). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving

---

[1] The "Lindsey Parties" are Counter-Plaintiffs Conroe Senior Living, LLC and Curtis Lindsey.

party." *Quality Infusion Care, Inc. v. Health Care Serv. Corp.*, 628 F.3d 725, 728 (5th Cir. 2010) (quotation omitted). District courts may, however, deny summary judgment when "there is reason to believe that the better course would be to proceed to a full trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

To cut to the chase, I am not comfortable granting summary judgment for either party. Although I have spent much time reviewing the summary judgment record and the applicable legal authorities, the competing motions for partial summary judgment "present[] questions that are better decided in the context of a trial, which the court itself will conduct as trier of fact." *Rodriguez v. Grand Prairie Indep. Sch. Dist.*, No. 3:13-cv-1788, 2014 WL 5350439, at *1 (N.D. Tex. July 9, 2014). Accordingly, the motions for partial summary judgment are denied.

Turning to the motion to exclude the opinions, testimony, and expert reports of Bruce Blacker, I note that the Lindsey Parties have not filed a response to the motion. According to the local rules, any failure to respond to a motion is taken as a representation of no opposition. *See* S.D. Tex. LR 7.4. Focusing on the merits of the motion, Rule 26(a)(2) governs the disclosure of expert witnesses. That rule requires that parties disclose the identities of proposed expert witnesses and that experts who are retained or specially employed to provide testimony submit a comprehensive written report. *See* Fed. R. Civ. P. 26(a)(2)(B). The expert report must include: (1) "a complete statement of all opinions the witness will express and the basis and reasons for them," (2) "the facts or data considered," (3) exhibits to be used, (4) qualifications, including publications, (5) cases in which the expert has testified, and (6) "a statement of the compensation to be paid for the study and testimony." *Id*. Although the Lindsey Parties have designated Mr. Blacker as an expert to testify about the damages the Lindsey Parties allegedly incurred in connection with the Lindsey Parties' counterclaims and third-party claims, the Lindsey Parties have failed to produce an expert report from Mr. Blacker. Under the Docket Control Order, the deadline to do so was April 15, 2024. *See* Dkt. 15. The presumptive sanction for failing to supply a required expert report is to exclude the expert's testimony unless the failure was substantially justified or harmless. *See* Fed. R. Civ. P. 37(c)(1). Because the Lindsey

Parties do not offer any argument for their failure to produce an expert report, Mr. Blacker will not be permitted to testify at trial.

Trial of this case will begin on Monday, October 27, 2025, at 9 am in the Seventh Floor Courtroom at the Galveston Federal Courthouse. The parties must exchange exhibit and witness lists by Friday, October 3, 2025. The parties are ordered to confer and let the court know by Friday, October 17, 2025, which exhibits the parties agree should be admitted into evidence. All agreed-to exhibits will be entered into evidence at the start of trial; all other exhibits must be offered and admitted as the case proceeds through trial. The parties must file proposed findings of fact and conclusions of law by Friday, October 24, 2025. A Word version of each side's proposed findings of fact and conclusions of law should be emailed to my case manager, Ruben Castro (ruben_castro@txs.uscourts.gov) by Friday, October 24, 2025. If the parties would like to view the courtroom prior to trial, please reach out to Mr. Castro. The parties are ordered to bring on the first day of trial three binders of all trial exhibits. One copy is for me, one for my law clerk, and one for the witnesses. By 5 pm on Friday, October 24, 2025, each side shall inform the other side of the names of those witnesses it expects to call to testify on the first day of trial. Moving forward, each side shall let the other side know the names of all witnesses it expects to call to testify the next day by 5 pm the day before. If the parties have any trial-related questions, please reach out to Mr. Castro, who is happy to assist. I am not planning to have a pretrial conference, but if the parties think that would be helpful, I am happy to do so.

SIGNED this 14th day of July 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE